OPINION
{¶ 1} Appellant, C.M., appeals his adjudication as a delinquent child by the Butler County Court of Common Pleas, Juvenile Division, for committing an act that, if committed by an adult, would constitute the crime of rape in violation of R.C.2907.02. We affirm the adjudication.
 {¶ 2} On July 6, 2002, appellant, and his five-year-old niece, M.M., were watching television in appellant's bedroom in Middletown, Ohio. While the children were watching a movie, M.M. climbed onto appellant's bed, and appellant placed his hand inside M.M.'s underwear and slightly penetrated her vagina with his finger. Appellant also asked M.M. to touch his penis. He then took her hand and placed it on his erect penis. M.M. reported the incident to her mother, who informed the Butler County Children Services Board ("BCCSB").
 {¶ 3} Upon a referral to the BCCSB that appellant had sexually abused M.M., BCCSB social worker Julie Hale contacted the Middletown Police Department for the purpose of conducting a joint investigation into the matter. On August 1, 2002, Sergeant Fred Shuemake and Hale interviewed appellant to obtain an account of the incident. Initially, appellant denied the allegations, but later admitted that he had touched M.M. in her vaginal area and asked her to touch his penis.
 {¶ 4} On September 19, 2002, a complaint was filed alleging that appellant was a delinquent child by reason of committing gross sexual imposition. The complaint was later amended to allege that appellant was delinquent by reason of committing rape.
 {¶ 5} On January 3, 2003, the juvenile court conducted a hearing, at which M.M. testified that appellant had given her "bad touches" by putting "his finger up [her] butt * * * [her] front butt." M.M. also testified that appellant touched her inside her underwear, and that it hurt. M.M. stated that she told her mother what appellant had done the morning after the incident.
 {¶ 6} The juvenile court noted that it was particularly impressed with the victim's ability to relate and recall the incident, and found, beyond a reasonable doubt, that appellant had committed acts that constituted rape and gross sexual imposition. On January 7, 2003, the juvenile court journalized an entry adjudicating appellant delinquent for an act, that if committed by an adult, would constitute rape in violation of R.C.2907.02. On February 4, 2003, the juvenile court committed appellant to the custody of the Department of Youth Services ("DYS") for a minimum period of 36 months, and a maximum period not to exceed appellant's 21st birthday. However, the juvenile court suspended the commitment, and placed appellant on probation conditioned upon appellant's and his parents' successful completion of a Butler County Rehabilitation Center Program. Appellant appeals his adjudication, raising two assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court's decision that the child was adjudicated delinquent by reason of committing an act which would constitute a felony I, to wit: a violation of ORC 2907.02. (Rape) was not supported by evidence beyond a reasonable doubt."
 {¶ 9} In this assignment of error, appellant argues that the trial court's decision is not supported by sufficient evidence. Appellant maintains that the trial court's decision was heavily dependent on the unreliable testimony of the victim and inconsistent statements appellant made to Hale and Shuemake.
 {¶ 10} The standard of review for the sufficiency of the evidence in a juvenile adjudication is the same standard used in an adult criminal case. In re Washington, 81 Ohio St.3d 337,339, 1998-Ohio-627. An appellate court's function in reviewing the sufficiency of the evidence is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 11} Appellant was adjudicated a delinquent child for having committed an act, which if committed by an adult, would constitute rape in violation of R.C. 2907.02(A)(1). According to R.C. 2907.02(A)(1), a person commits the crime of rape if he engages in sexual conduct with another, not his spouse, and the other person is under 13 years of age. R.C. 2907.01(A) defines sexual conduct as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 12} At the adjudication hearing, Hale and Shuemake testified that during their discussion with appellant, appellant admitted that he put his finger slightly inside the victim's vagina. Appellant also admitted to taking the victim's hand and placing it on his erect penis. In addition, M.M. testified at the hearing that appellant had given her "bad touches" that were "inside the underwear" and then stated that appellant "put his finger up my butt * * * my front butt" and that "it hurt." M.M. also testified that appellant told her to touch what was his "front butt"[1] and that she did touch it.
 {¶ 13} The juvenile court stated on the record that it was "impressed" with M.M.'s "powerful" testimony and that the victim "was very aware of what happened and was excellent relating it." The court also stated that the testimony of other witnesses corroborated M.M's testimony.
 {¶ 14} After reviewing the evidence, viewing it in a light most favorable to the state, we conclude that a rational trier of fact could find all of the essential elements of rape to have been proven beyond a reasonable doubt. Contrary to appellant's claims, we find the victim's testimony to be consistent and corroborated by other evidence. M.M.'s testimony reflects the understanding of a five-year-old girl, who was able to recount, very clearly, what appellant did to her. Appellant's adjudication is supported by legally sufficient evidence. Accordingly, appellant's first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "The trial court's sentence was an abuse of discretion in violation of standards for sentencing established by the Ohio Supreme Court."
 {¶ 17} In his second assignment of error, appellant argues that the trial court's decision to commit appellant to the custody of DYS for a minimum period of 36 months and a maximum period not to exceed his 21st birthday was an abuse of discretion. Appellant maintains that because he demonstrated remorse throughout the investigation, the trial court's decision was in violation of the standards set by the Ohio Supreme Court with regard to the goals of the juvenile system.
 {¶ 18} Punishment is not the goal of the juvenile system, except as necessary to direct a child toward the goal of rehabilitation. In re Caldwell, 76 Ohio St.3d 156,1996-Ohio-410. According to R.C. 2152.16(A):
 {¶ 19} "(1) If a child is adjudicated a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court may commit the child to the legal custody of the department of youth services for secure confinement as follows:
 {¶ 20} "(c) * * * for a violation of any provision of section2907.02 of the Revised Code other than division (A)(1)(b) of that section when the sexual conduct or insertion involved was consensual and when the victim of the violation of division (A)(1)(b) of that section was older than the delinquent child, was the same age as the delinquent child, or was less than three years younger than the delinquent child, for an indefinite term consisting of a minimum period of one to three years, as prescribed by the court, and a maximum period not to exceed the child's attainment of twenty-one years of age[.]"
 {¶ 21} In the case at bar, appellant was adjudicated to be delinquent by reason of committing an act that would constitute rape in violation of R.C. 2907.02(A)(1)(b) if committed by an adult, which is a felony of the first degree. See R.C.2907.02(B). The record indicates that when the incident occurred, appellant was more than three years older than the victim, and that the sexual conduct was not consensual. Therefore, the trial court's order committing appellant to the custody of DYS for a minimum period of 36 months was within the statutory guidelines.
 {¶ 22} Considering the seriousness of appellant's actions, the age of the victim and her relationship to appellant, and the fact that the juvenile court ultimately suspended appellant's commitment to DYS conditioned upon his completion of a rehabilitation program, we cannot say that the juvenile court abused its discretion. Accordingly, appellant's second assignment of error is overruled.
 {¶ 23} The judgment is affirmed.
Judgment affirmed.
Young, P.J., and Valen, J., concur.
[1] M.M. testified that she knew that boys have "back butts and front butts," but that appellant's "front butt" did not look like hers.