OPINION
{¶ 1} Appellant, D.B., appeals the decision of the Butler County Common Pleas Court, Juvenile Division, adjudicating him as a delinquent child for committing assault.
¶ 2} In April 2005, fifteen-year-old appellant was charged by complaint with one count of assault in violation of R.C. 2903.13. The complaint was based upon an incident which occurred on December 23, 2004 and during which after being verbally confronted by Perry Leaves for throwing snowballs at Leaves' car while Leaves was driving, appellant allegedly struck Leaves in the face and broke his nose as a result. Following an adjudicatory hearing, a magistrate found appellant to be a delinquent child. Appellant filed objections to the magistrate's decision which were overruled by the juvenile court. Appellant was subsequently sentenced to, inter alia, a suspended commitment of 30 days in the Butler County Juvenile Detention Center ("JDC"). Appellant appeals his adjudication and sentence, raising two assignments of error.
¶ 3} In his first assignment of error, appellant argues that the juvenile court's decision adjudicating him a delinquent child is not supported by the sufficiency of, and is against the manifest weight of the evidence. Specifically, appellant argues that the state failed to prove beyond a reasonable doubt that he assaulted Leaves in violation of R.C. 2903.13.[1]
 ¶ 4} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." In re C.W.,
Butler App. No. CA2004-12-312, 2005-Ohio-3905, ¶ 20, citingState v. Smith, 80 Ohio St.3d 89, 1997-Ohio-355. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
¶ 5} When evaluating whether a judgment is against the manifest weight of the evidence in a juvenile court, the standard of review is the same as that in the criminal context. In reT.B., Jr., Warren App. No. CA2003-12-116, 2004-Ohio-4986, ¶ 5. "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id., citing State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52.
¶ 6} The record shows that on the day of the incident, appellant and his friend Kyle were throwing snowballs at passing cars. The juveniles threw snowballs at Leaves' car, hitting it in the windshield. Leaves got out of his car and angrily approached both juveniles. A brother and sister shoveling snow at the scene of the incident testified that (1) Leaves approached the juveniles yelling and cursing; (2) Leaves and the juveniles walked behind a parked car; (3) the next thing they knew, Leaves and one of the juveniles were on the ground rolling around fighting; (4) they did not know which juvenile was fighting on the ground with Leaves; (5) they did not see what happened behind the parked car or if anyone struck Leaves; and (6) once it was over, Leaves was bleeding and had a cut on the bridge of his nose.
¶ 7} Leaves testified he angrily approached appellant while cursing and with his fist raised. To Leaves' surprise, the juveniles did not run away. Instead, they kept smiling until Leaves was within striking range. Once he was within that range, appellant hit Leaves "square between [his] glasses and then into the snow banks." Once on the ground, appellant got on Leaves' back, Leaves' head was shoved into the snow several times, and Kyle kicked him several times. Once it was all over, Leaves' nose was broken. Leaves testified that while he raised his fist at appellant, he never hit appellant.
¶ 8} The detective who investigated the incident testified that he interviewed appellant. During the interview, appellant told the detective that after he and Kyle hit Leaves' car, Leaves got out of his car and came toward appellant "swinging at him," although Leaves did not actually hit appellant. Then, "in retaliation, [appellant] struck back at [Leaves] after [appellant] was swung on first."
¶ 9} Upon reviewing the record, we find that the state has proved beyond a reasonable doubt that appellant assaulted Leaves in violation of R.C. 2903.13(A). A trial court has discretion to believe or disbelieve the testimony of witnesses. See State v.Lamberson (Mar. 19, 2001), Madison App. No. CA2000-04-012. In the case at bar, the trial court chose to believe the testimony of Leaves and the detective. In accordance with the standards of review articulated above, we find that appellant's adjudication as a delinquent child is supported by the sufficiency of the evidence and is not against the manifest weight of the evidence. Accordingly, the juvenile court did not err by adjudicating appellant delinquent for committing assault. Appellant's first assignment of error is overruled.
¶ 10} In his second assignment of error, appellant argues that since there is no evidence of previous dispositions or of his failure to cooperate, the juvenile court abused its discretion by committing him to the custody of JDC for 30 days.
¶ 11} "While the objective of the juvenile system is rehabilitation rather than punishment, the juvenile justice system is purely a statutory creation and may contain punitive elements." In re J.B., Butler App. No. CA2004-09-226,2005-Ohio-7029, ¶ 106. The order of disposition in a juvenile case is a matter within the court's discretion. Id. In the case at bar, appellant was adjudicated to be delinquent for committing assault. Under R.C. 2152.19(A)(3), if a child is adjudicated a delinquent child, the juvenile court may place the child in a detention facility "for up to ninety days." The juvenile court's order committing appellant to the custody of JDC for 30 days was within the statutory guidelines. Considering appellant's actions and the fact that the juvenile court suspended appellant's commitment of 30 days to JDC conditioned upon his compliance with other orders from the court, we cannot say that the juvenile court abused its discretion. See In re C.M., Butler App. No. CA2003-03-063, 2004-Ohio-1927. Appellant's second assignment of error is overruled.
¶ 12} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] R.C. 2903.13(A) states that "[n]o person shall knowingly cause or attempt to cause physical harm to another[.]"