The STATE of Ohio

v.

ACKLEY.█

2002-Ohio-6002.]

Court of Common Pleas of Ohio,
Lake County.

No. 02CR000072.

Decided June 14, 2002.

Karen L. Kowall, Lake County Assistant Prosecuting Attorney, for plaintiff.

Lisa Klammer, Lake County Assistant Public Defender, for defendant.

---

EUGENE A. LUCCI, Judge.

{¶ 1} This matter came on for consideration upon the motion to dismiss the charge of gross sexual imposition, filed by defendant on May 10, 2002, the state's response to the motion to dismiss, filed May 28, 2002, the oral arguments heard

by the court on May 31, 2002, and the state's post-hearing supplemental authority, filed June 7, 2002.

{¶ 2}   The defendant contends that R.C. 2907.05 is unconstitutional on its face and as applied in this case, because the definition of "sexual contact," as set forth in R.C. 2907.01(B), is unconstitutionally vague in that it does not put a reasonable person on notice as to what conduct is prohibited.   The state of Ohio opposes the motion and contends that the statute and its definitions are constitutionally clear as to the conduct proscribed.

{¶ 3}   Defendant Richard Ackley is charged with gross sexual imposition in that he is alleged to have engaged in sexual contact with a minor under the age of 13 years.   The state alleges that the defendant touched the victim on her shoulders, sides, stomach, and abdomen, for the purpose of sexually arousing or gratifying himself.   The defendant contends that, since the body parts alleged to have been touched by defendant do not come within the specifically listed "erogenous zones," as set forth in R.C. 2907.01(B), he is not in violation of the statute, or that if the statute does apply to his conduct, the definition of "sexual contact" is so vague as not to put a reasonable person on notice as to what is a violation.

{¶ 4}   R.C. 2907.01(B) defines "sexual contact":

{¶ 5}   " 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶ 6}   R.C. 2907.05(A), which defendant is charged with violating, defines the offense of gross sexual imposition in this case, and states:

{¶ 7}   "No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies:  * * * (4) The other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person."

{¶ 8}   The defendant contends that the state's interpretation of the statute would proscribe touching any part of the body of another as "sexual contact." The defendant further argues that if the shoulder, side, stomach, and abdomen can be erogenous zones, then any part of the body can be an erogenous zone, and as a result, the statute is too vague to be constitutional.

{¶ 9}   This court construes the "sexual contact" definition as requiring proof beyond a reasonable doubt by the state that the part of the body being touched is, in fact, an "erogenous zone" of the victim, and that the purpose of the touching was to sexually arouse or gratify either the offender or the victim.   The

body parts listed in the statute—the thigh, genitals, buttock, pubic region, or if the person is a female, a breast—are per se erogenous zones, and the state is relieved of the obligation to prove that those listed body parts are, in fact, erogenous zones; but the state still bears the burden of proving beyond a reasonable doubt that those body parts were, in fact, touched by the defendant.

{¶ 10}   This court does not read the sexual-contact definition to allow prosecution for the touching of any body part other than the specifically identified ones, without proof that such body part is an "erogenous zone."   If the legislature had intended to allow prosecution for the touching of any body part, it simply could have written the statute to read, "Sexual contact means any touching of the body of another for the purpose of sexually arousing or gratifying either person." Therefore, this court considers prosecution viable only for instances where the offender is accused of touching an erogenous zone of the victim for the purpose of sexual arousal or gratification of either person.

■   {¶ 11}   The constitutional issue in this case arises because of the statute's employment of the term "erogenous zone of another."   Defendant's argument poses the following question: "Where the victim is less than 13 years old, and the offender touches an alleged erogenous zone on the minor victim's body for the purpose of sexually arousing or gratifying either person, but the body part that was touched is not one that has traditionally been thought of as an erogenous zone, does the language of the statute allow the offender to know in advance that it is a crime to touch that body part for that purpose?"   The answer to that question is "yes."   In the present case, if the offender is proved to have touched the shoulder, side, abdomen, and stomach of a minor under the age of 13, and if he is proved to have touched those body parts of the victim for the purpose of sexually arousing himself or his victim, then no one was in a better position than the offender to know in advance that he was committing the crime that the General Assembly sought to proscribe when it enacted this statute.

{¶ 12}   The legislature has not defined the phrase "erogenous zone."   Webster's Ninth New Collegiate Dictionary defines "erogenous" as "of, relating to, or arousing sexual feelings."   It might be argued that the statute seems to require that those sexual feelings be the victim's.   Complicating the argument further, there are some body parts that possess no nerves, such as the hair, so that the hair of another can be touched without the victim even knowing it.   In addition, who would argue that an infant has any erogenous zones, as Webster would define it?

{¶ 13}   Webster's New World Dictionary, Third College Edition, defines "erogenous" as "designating or of those areas of the body, as the genital, oral, and anal zones, that are particularly sensitive to sexual stimulation."   Webster's New World Dictionary of the American Language (1968) 493, defines the word

"erogenous" to mean "designating or of those zones, or parts, of the body the stimulation of which tends to arouse sexual desire." This court does not construe Webster's definitions to be complete or to accurately reflect the intent of the Ohio General Assembly in enacting the sexual contact definition.

{¶ 14} In the context of R.C. 2907.01(B), this court defines "erogenous zone" to mean any part of the human anatomy that, when touched by another, is perceived by the offender, or by the victim, or by a reasonable person, as being sexually arousing or gratifying to either the offender or the victim.

{¶ 15} For instance, one with a fetish for navels or feet could be in violation of this statute for touching the navel or feet of another, not his or her spouse, for the purpose of sexual arousal or gratification. Although the body parts, namely navel or feet, are not specifically listed in the "sexual contact" definition, if the state is able to prove beyond a reasonable doubt that, in the mind of the offender, or in the mind of the victim, or in the mind of a reasonable person, those body parts are sensitive to sexual stimulation, or are apt to cause sexual arousal or gratification in either the offender or the victim, and if it was the purpose of the offender in the touching to obtain sexual arousal or gratification for himself or the victim, then the state has carried its burden of proof.

{¶ 16} Accordingly, it is the opinion of the court that the sexual contact statute does not, by its terms, proscribe the touching of any part of the body of another, but rather proscribes the touching of any part of the body of another that is an erogenous zone, that is, any part of the body of another, which the mind of the offender or victim or a reasonable person would perceive as sexually arousing or gratifying to either the offender or the victim, for the purpose of sexual arousal or gratification of either the offender or the victim.

{¶ 17} There are several safeguards in this statute for the protection of innocent persons and for putting individuals on notice as to what constitutes the crime. The state of Ohio is required to prove beyond a reasonable doubt (1) what part of the body of the victim was touched, (2) that the body part is an erogenous zone of the victim, and (3) that the body part was touched for the purpose of sexually arousing or gratifying either the victim or the offender. This is a very difficult burden for the state to meet since evidence of what is an erogenous zone of the victim, or whether the offender or the victim received sexual arousal or gratification, is not easily garnered by the state. Much of the direct proof of sexual arousal or gratification lies in the chemical processes of the brain. Unless the offender confesses or admits to his or her purpose, the state has only circumstantial evidence by which to prove its case beyond a reasonable doubt. As to individuals charged with sexual imposition, the statute even requires corroborative evidence. And always, the state still must prove the offender's intent or purpose beyond a reasonable doubt.

{¶ 18}  Except for the five body parts listed in R.C. 2907.01(B), what constitutes an erogenous zone is to be determined by the jury.  The jury must also determine whether the touching was done for the purpose of sexual arousal or gratification.  *State v. Watkins* (May 4, 1993), 10th Dist. No. 92AP–1546, 1993 WL 150502.

{¶ 19}  Moreover, the offender is in the best position to know whether he considers the body part he touched to be an erogenous zone of the victim and whether his purpose is sexual arousal or gratification.  The offender is put on notice by the statute that if he touches any erogenous zone of the body of another, not his spouse, and certainly of a person under the age of 13 years, to obtain sexual gratification or arousal, he is committing a crime.  The state, not being able to peer into the offender's head, has a significant difficulty in proving its charge.  It does not appear reasonable to contend that the state would be able to prove beyond a reasonable doubt an allegation of the touching of an erogenous zone of another for the purpose of sexual arousal or gratification, if the defendant himself did not first know that he was touching an erogenous zone on the body of the victim for a forbidden purpose.

{¶ 20}  The term "sexual arousal or gratification" has been determined to contemplate any touching of the statutorily described areas that a reasonable person would perceive as sexually stimulating or gratifying.  *State v. Astley* (1987), 36 Ohio App.3d 247, 523 N.E.2d 322.

{¶ 21}  In *State v. Young* (Aug. 15, 1997), 4th Dist. No. 96 CA 1780, 1997 WL 522808, the court upheld a conviction for gross sexual imposition where the offender committed sexual contact through clothing.  There, the trial court properly refused to instruct the jury "as to the rules of statutory construction to determine whether certain acts were within the definition of sexual contact."  In approving the trial court's decision, the appellate court cited with approval *State v. Curry* (Feb. 27, 1991), 9th Dist. No. 90 CA 4862, 1991 WL 24975, jurisdictional motion overruled (1991), 61 Ohio St.3d 1413, 574 N.E.2d 1076.  In *Curry,* the appellate court stated, "We find nothing in this section [R.C. 2907.01(B) ] to indicate that, for a person's body part to be erogenous, it must be unclothed."

{¶ 22}  It is presumed that the entire statute is intended to be effective, that a just and reasonable result is intended, and a result feasible of execution is intended.  R.C. 1.47.  The court has considered the object sought to be obtained by the legislature, and the consequences of the construction that this court gives the statute.  Neither the legislature, nor this court, is constrained to use any Webster's Dictionary definition of "erogenous."  This court has given meaning to the phrase "erogenous zone" according to its common usage, the object sought to be obtained, and to give effect to the whole statute at issue in this case.

{¶ 23}  Accordingly, this court holds that the phrase "sexual contact," means *any nonconsensual physical touching, even through clothing, of the body of another in an area or of a body part that a reasonable person, or the offender, or the victim, would perceive as sexually stimulating or gratifying to either the offender or the victim, for the purpose of sexually stimulating or gratifying either the offender or the victim.*  In the case of a thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, such body parts of the victim are presumed to be sexually stimulating or gratifying to either the offender or the victim, regardless of whether such body parts actually are sexually stimulating or gratifying.  In the case of body parts of the victim other than the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, the state bears the burden of proving beyond a reasonable doubt that such bodily areas or parts of the victim are perceived by a reasonable person, or the offender, or the victim, as sexually stimulating or gratifying to either the offender or the victim.  The state must always prove beyond a reasonable doubt that the offender's intent or purpose in the touching was for sexually stimulating or gratifying either the offender or the victim.

{¶ 24}  The motion to dismiss is, therefore, denied because the statute is not unconstitutionally vague, and because the statute does not violate the due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution, or Sections 2, 10, and 16, Article I of the Ohio Constitution.

{¶ 25}  IT IS SO ORDERED.

Motion to dismiss denied.