OPINION
{¶ 1} This appeal arises from the Lake County Court of Common Pleas, wherein appellant, Richard Ackley, appeals a sexual predator adjudication.
 {¶ 2} On February 8, 2002, Ackley was secretly indicted on one count of gross sexual imposition, a felony in the third degree, and two counts of disseminating matter harmful to juveniles, both felonies in the fourth degree. The charges stemmed from Ackley's conduct with his neighbor's eleven-year-old granddaughter. Ackley waived his right to be present at arraignment, and the trial court entered a not guilty plea to the charges on his behalf.
 {¶ 3} On August 12, 2002, Ackley withdrew his not guilty plea and pled guilty to one count of attempted gross sexual imposition and one count of disseminating matter harmful to juveniles. A nolle prosequi was entered on the remaining count in the indictment. Sentencing was deferred, and the matter was referred to the Lake County Adult Probation Department for a presentence investigation, a victim impact statement, and a psychological evaluation.
 {¶ 4} On September 19, 2002, a sexual predator adjudication hearing was conducted, at the conclusion of which Ackley was adjudicated a sexual predator. He was subsequently sentenced to three years community control, with ninety days house arrest. Ackley filed this appeal, citing a single assignment of error:
 {¶ 5} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 6} Ackley contends that the trial court erred in labeling him a sexual predator when the evidence presented did not prove by clear and convincing evidence that he was likely to commit a sexual offense in the future.
 {¶ 7} Pursuant to R.C. 2950.01(E)(1), a sexual predator is a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." Thus, before labeling an individual as a sexual predator, the trial court must first conclude that the offender was convicted of or pled guilty to a sexually oriented offense. Secondly, the trial court must determine whether the offender is likely to engage in another sexually oriented offense in the future.
 {¶ 8} Ackley pled guilty to attempted gross sexual imposition, a sexually oriented offense. Thus, the substance of this appeal is grounded on whether Ackley is likely to engage in the future in one or more sexually oriented offenses.[1]
 {¶ 9} R.C. 2950.09(B)(3) lists factors that shall be considered by the trial court in making its determination:
 {¶ 10} "(a) The offender's or delinquent child's age;
 {¶ 11} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 13} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 14} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 16} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 17} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 20} Pursuant to R.C. 2950.09(B)(4), the trial court must use a clear and convincing evidential standard in determining whether an offender should be classified a sexual predator. Clear and convincing evidence is more than a mere preponderance of the evidence but does not rise to the level of beyond a reasonable doubt.[2]
 {¶ 21} The same standard applies in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction.[3]
Therefore, we must "`"review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [adjudication] must be reversed."'"[4]
 {¶ 22} Ackley contends that at the sexual predator classification hearing a great deal of evidence was presented to establish that he was less likely to reoffend. Specifically, he directs this court's attention to a number of the factors enumerated in R.C. 2950.09(B)(3); to-wit: the fact that he was sixty-two years old at the time of the offense; there was no alcohol or drugs used to impair the victim; there were not multiple victims; Ackley does not suffer from mental illness; there was no demonstrated pattern of abuse; and there were no threats of cruelty. Therefore, Ackley asserts that the trial court lacked clear and convincing evidence that he is likely to engage in one or more sexually oriented offenses in the future. However, the trial court reviewed each of the factors as set forth in R.C. 2950.09(B)(3) and reached the opposite conclusion. At the sexual predator adjudication hearing the trial court stated very clearly:
 {¶ 23} "The Court does find that the — there are factors which militate in favor of a classification of sexual predator by clear and convincing evidence. Those factors that the Court finds most persuasive include the offender's prior criminal record with several sex offenses, going back to 1974 with the public indecency. I do understand that the — the rape charges were — were dismissed and I'm taking that into consideration. However, the Defendant admits that he's addicted to this sort of behavior and the Defendant admitted that this is not the first time he exposed himself to this victim. The age of the victim certainly is a persuading factor. At the time the victim was eleven years of age.
 {¶ 24} "The mental illness or mental disability of the offender indicates that there are pedophilic traits and a history of exhibitionism. Although there is only one incident charged, based upon the pattern of abuse with this victim and similar activity has occurred in the past, specifically with the disseminating matters harmful to juveniles."
 {¶ 25} The trial court also noted that Ackley used "grooming" techniques to lure the victim and that there was a male victim and a stranger victim in the past as well. The court also noted that Dr. John Fabian concluded in his psychological evaluation that Ackley posed a moderate risk of reoffending.
 {¶ 26} We question the propriety of noting Ackley's prior dismissed rape charge at the sexual predator hearing. However, from the record presented, we conclude that the trial court properly found, based upon clear and convincing evidence, Ackley is likely to commit one or more sexually oriented offenses in the future and should be adjudicated a sexual predator.
 {¶ 27} Ackley's assignment of error is without merit. The judgment of the trial court is affirmed.
Grendell, J., Rice, J., concur.
[1] R.C. 2950.01(E).
[2] State v. Moore (July 21, 2000), 2d Dist. No. 18017, 2000 WL 1006570, at *2, citing Cross v. Ledford (1954),161 Ohio St. 469, 477.
[3] State v. Linden (Feb. 2, 2000), 9th Dist. No. 2984-M, 2000 WL 141054, at *3.
[4] (Citations omitted.) Id.