OPINION
{¶ 1} Appellant, A.L., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, adjudicating him delinquent for committing gross sexual imposition.
 {¶ 2} Amanda M. and Phillip D. have three children: T.D., A.D., and B.D, all of whom were under the age of 13 at the time of these events. Amanda and Phillip eventually divorced, and Phillip married Kirstie L. in July 2003. At the time she married Phillip, Kirstie already had two children, one of whom was A.L., who was born on April 6, 1992. After Phillip and Kirstie were married, they and Kirstie's children, including A.L., resided together in Hamilton, Ohio. T.D., A.D., and B.D. resided with Phillip and Kirstie on alternating weekends.
 {¶ 3} On August 30, 2005, Amanda M. brought a complaint against appellant alleging that from about August 1, 2004, to June 30, 2005, appellant committed gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree if committed by an adult, against T.D., A.D., and B.D. Appellant entered a plea of "not true" to the charges, and the matter was scheduled for a hearing in the Butler County Juvenile Court.
 {¶ 4} The case against appellant was tried on November 8 and 21, 2005. To prove its case against appellant, the state presented the testimony of T.D., A.D. and B.D., who testified that A.L. touched them on their genitals or buttocks, either over or under their underwear, on several occasions between August 2004 and June 2005.
 {¶ 5} Appellant, testifying on his own behalf, denied his stepsiblings' accusations. Appellant, Phillip D., and Kirstie L. testified that Amanda M. had encouraged her children to make the accusations against appellant as a result of a custody dispute that had arisen between Amanda and Phillip regarding their three children. Amanda M. did not testify at the proceedings because she was in prison, serving a six-year sentence.
 {¶ 6} After hearing the evidence, the trial court found A.L. had not committed gross sexual imposition against A.D., but found A.L. delinquent for committing gross sexual imposition against T.D. and B.D. The trial court placed appellant on official probation, conditioned on a suspended commitment to the Ohio Department of Youth Services for an indefinite term consisting of a minimum period of six months and a maximum period not to extend beyond his 21st birthday, for each of the two counts on which appellant had been found delinquent. The trial court also ordered appellant to receive counseling, and have no contact, either directly or indirectly, with the victims.
 {¶ 7} Appellant now appeals the trial court's adjudication of delinquency and disposition of his case, raising the following assignments of error:
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT'S DECISION TO FIND THE DEFENDANT GUILTY OF GROSS SEXUAL IMPOSITION IS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 10} Appellant argues that the trial court's decision adjudicating him delinquent after finding that he had committed gross sexual imposition against his two stepsisters was not supported by sufficient evidence because the state failed to present evidence demonstrating that he had engaged in "sexual contact" with the alleged victims, as defined in R.C. 2907.01(B). We disagree with this argument.
 {¶ 11} The appropriate standard of review in determining whether there was sufficient evidence presented to the trial court to support a juvenile court's adjudication of delinquency is the same as the one used in adult criminal cases. See In reWashington, 81 Ohio St.3d 337, 339, 1998-Ohio-627. "In reviewing a claim of insufficient evidence, `[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. McKnight, 107 Ohio St.3d 101, 112,2005-Ohio-6046, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 12} Furthermore, when deciding an insufficient evidence claim, a reviewing court must not substitute its evaluation of the witnesses' credibility for that of the trier of facts. SeeState v. Benge, 75 Ohio St.3d 136, 143, 1996-Ohio-227.
 {¶ 13} Appellant was found delinquent for violating R.C.2907.05(A)(4), which states, in pertinent part:
 {¶ 14} "(A) No person shall have sexual contact with another * * * when any of the following applies:
 {¶ 15} "* * *
 {¶ 16} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 17} "`Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
 {¶ 18} The Ohio Revised Code does not define "sexual arousal" or "sexual gratification." In re Anderson (1996),116 Ohio App.3d 441, 443. However, R.C. 2907.01(B) "contemplate[s] any touching of the described areas which a reasonable person would perceive as sexually stimulating or gratifying." State v.Astley (1987), 36 Ohio App.3d 247, 250. See, also, Anderson at 443.
 {¶ 19} In determining whether sexual contact occurred, "the proper method is to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01." State v. Cobb
(1991), 81 Ohio App.3d 179, 185. "While the purpose of sexual arousal or gratification is an essential element of the offense of gross sexual imposition, there is no requirement that there be direct testimony regarding sexual arousal or gratification."State v. Meredith, Warren App. No. CA2004-06-062, 2005-Ohio-062, ¶ 13, citing, among others, In re Anderson,116 Ohio App.3d at 443.
 {¶ 20} Whether the touching or contact was performed for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature, and circumstances of the contact. Meredith, citing Anderson at 443-444, and State v.Mundy (1994), 99 Ohio App.3d 275, 289. In determining the defendant's purpose, the trier of fact may infer what the defendant's motivation was in making physical contact with the victim. Meredith, citing Mundy and Cobb. "If the trier of fact determines that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved." Cobb,81 Ohio App.3d at 185.
 {¶ 21} To prove its case, the state presented the testimony of B.D., who was seven years old and a second-grader at the time of appellant's trial. B.D. testified that when she was six years old, appellant touched her with his hands on her "privates," on the spot where her "underwear covers." B.D. specifically testified that appellant touched her under her underwear. B.D. also testified that the incident took place in her and T.D.'s bedroom, on T.D.'s bed, with appellant and T.D. sitting on the bed and with B.D. laying on it. B.D. was wearing a nightgown, and all three of them were watching television.
 {¶ 22} The state also presented the testimony of T.D., who was 11 years old and a fifth-grader at the time of appellant's trial. T.D. testified that when she was ten years old, appellant touched her under her pajama pants but over her underwear, on both the "front and back * * * parts covered by her underwear[,]" specifically, her "vagina" and her "buttocks." This incident occurred in appellant's bedroom, with B.D. present, while the three of them were watching a movie. T.D. also testified that, on another occasion, appellant touched her on her "buttocks" or "bottom," with B.D. and A.D. present, while the four of them were playing a game of hide-and-seek.
 {¶ 23} Contrary to what appellant says, this evidence was sufficient to allow the trial court to find that appellant engaged in "sexual contact" with B.D. and T.D. when he touched B.D. on her "privates" and touched T.D. on her vagina and buttocks. These body parts qualify as "erogenous zones" for purposes of R.C. 2907.01(B).[1] "[T]he type, nature and circumstances" surrounding appellant's physical contact with B.D. and T.D. were sufficient to allow the trial court to infer that appellant's touching of his stepsisters was "undertaken for the purpose of sexual arousal or gratification." In re Anderson,116 Ohio App.3d at 443-444. Therefore, there was sufficient evidence to permit the trial court to find that appellant's acts amounted to "sexual contact," as defined in R.C. 2907.01(B).
 {¶ 24} Appellant also asserts that the testimony of B.D. and T.D. is not credible, there is no "forensic evidence" to support his conviction, and the trial court failed to find that an "erogenous act" had been committed. We find each of these assertions unpersuasive.
 {¶ 25} First, when deciding a claim of insufficient evidence, this court cannot substitute its evaluation of the witnesses' credibility for that of the trier of facts. Benge,75 Ohio St.3d at 143.
 {¶ 26} Second, the absence of forensic evidence in this case does not render the trial court's delinquency adjudication insufficient as a matter of law, since in reviewing a claim of insufficient evidence, this court is obligated to view the evidence in a light most favorable to the prosecution. SeeMcKnight, 107 Ohio St.3d at 112, quoting Jenks,61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 27} Furthermore, the absence of forensic evidence is an issue that would be most relevant in reviewing a claim that a conviction or finding of delinquency is contrary to the manifest weight of the evidence. See, e.g., State v. Jenkins, Hamilton App. No. C-030518, 2004-Ohio-1696. However, as the Jenkins
court found, where the testimony of child victims is sufficient to support a conviction for gross sexual imposition, the conviction will not be reversed as being against the manifest weight of the evidence merely because there was no forensic evidence presented to support it. See id. at ¶ 35-37.
 {¶ 28} Finally, as to appellant's assertion that the trial court failed to find that an "erogenous act" had been committed, we note that R.C. 2907.05(A)(4) does not expressly require that the trier of fact find that an offender has committed an "erogenous act," but rather that the offender had "sexual contact" with another when the other person is less than 13 years of age. R.C. 2907.01(B), in turn, defines "sexual contact" as meaning "any touching of an erogenous zone of another, including without limitation the * * * genitals [or] buttock * * *, for the purpose of sexually arousing or gratifying either person."
 {¶ 29} In this case, the trial court found that appellant had touched an erogenous zone of B.D. and T.D. for the purpose of sexually arousing or gratifying himself or his victims. There was sufficient evidence to support that finding. Hence, there was sufficient evidence to support the trial court's determination that appellant committed gross sexual imposition in violation of R.C. 2907.05(A)(4) against T.D. and B.D.
 {¶ 30} Appellant's first assignment of error is overruled.
 {¶ 31} Assignment of Error No. 2:
 {¶ 32} "THE TRIAL COURT'S DECISION IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 33} Appellant argues that the trial court's finding him delinquent for committing gross sexual imposition is contrary to the manifest weight of the evidence. In support of this argument, appellant notes that credibility was a major issue in this case, and that he denied all of the accusations against him. He also notes that the charges against him arose in the midst of a custody dispute between Amanda M. and Phillip D., the parents of the alleged victims, and that Amanda is currently serving a six-year prison term. He also contends that the trial court "did not believe the testimony of A.D. regarding this offense[,]" and asserts that the testimony of T.D. and B.D. was "virtually the same [as A.D.'s], involving similar alleged acts at the same time and place." We find this argument unpersuasive.
 {¶ 34} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. * * * Weight is not a question of mathematics, but depends on its effect ininducing belief.' (Emphasis added.) [Citation omitted.]" Statev. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. In ruling upon a manifest weight of the evidence claim, an appellate court must review the entire record, weigh the evidence and all reasonable inferences that can be drawn from it, and consider the credibility of witnesses to determine whether in resolving conflicts in the evidence, the trier of fact clearly lost his or her way, thereby requiring that the trier of fact's decision be reversed. Thompkins, 78 Ohio St.3d at 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 35} Although a reviewing court is permitted to consider the credibility of the witnesses in ruling upon a manifest weight claim, the court's "review must nevertheless be tempered by the principle that weight and credibility questions are primarily for the trier of fact." State v. Kash, Butler App. No. CA2002-10-247, 2004-Ohio-415, ¶ 25. The trier of fact is entitled to believe all, part, or none of the testimony of any witness.State v. Nichols (1993), 85 Ohio App.3d 65, 76. The trier of fact's decision on these matters "is owed deference since the trier of fact is `best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" Kash, Butler App. No. CA2002-10-247,2004-Ohio-415, ¶ 25, citing Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80; see, also, Nichols,85 Ohio App.3d at 76.
 {¶ 36} The fact that appellant denied the accusations against him does not render the trial court's decision finding him delinquent for committing gross sexual imposition contrary to the manifest weight of the evidence because the trier of fact was entitled to believe T.D.'s and B.D.'s accusations against appellant, and disbelieve appellant's denial of those accusations. See Nichols, 85 Ohio App.3d at 76.
 {¶ 37} Furthermore, the fact that these accusations occurred in the midst of a custody dispute between the parents of T.D., A.D., and B.D. was a matter for the trier of fact to consider in making its decision, but the trier of fact was not obligated to find this fact dispositive of the issue of the credibility of the witnesses. Indeed, the trial court expressly rejected the argument made by appellant, Phillip D., and Kirstie L. that Amanda M. had "programmed" her children to testify as they did, noting that at the time of the trial, T.D., A.D., and B.D. were living with their grandparents, while Amanda was in prison.
 {¶ 38} Additionally, as to the trial court's findings regarding A.D.'s testimony, the trial court actually found as follows:
 {¶ 39} "I think in * * * [A.D.]'s case[,] I * * * believe what * * * he said happened[,] but I don't think that that contact was sexually oriented. I think it was maybe a result of some horseplay and * * * it happened but I think the response from * * * [A.D.] at first was [appellant] was being rough with him. And this was right around the time this allegedly happened. So I believe what * * * [A.D.] said but I don't believe that that particular incident was sexual contact beyond a reasonable doubt * * *. So in [A.D.]'s case I'm going to find [appellant] not guilty. Not because I disbelieve [A.D.], I just don't think that in that particular case it was per [sic] sexual imposition."
 {¶ 40} The trial court went on to find that the state had proven that appellant committed gross sexual imposition against T.D. and B.D., in light of their testimony. As we have indicated, the trial court was free to believe or disbelieve all, part, or none of the testimony of any witness. See Nichols,85 Ohio App.3d at 76. The fact that the trial court found that the state had failed to prove beyond a reasonable doubt that sexual contact had occurred between appellant and A.D., did not obligate the trial court to find that the state had also failed to prove beyond a reasonable doubt that sexual contact had occurred between appellant and T.D., or appellant and B.D.
 {¶ 41} Furthermore, contrary to what appellant implies, the acts that form the basis of the accusations of T.D., A.D., and B.D., did not take place "at the same time and place." In fact, none of the children were able to identify with precision when the incidents occurred. Nevertheless, the testimony of T.D. and B.D. was sufficient to prove the gross sexual imposition charges against appellant, and the trial court's decision to believe the testimony of T.D. and B.D., and to disbelieve the testimony of appellant, was not against the manifest weight of the evidence.
 {¶ 42} Appellant's second assignment of error is overruled.
 {¶ 43} Assignment of Error No. 3:
 {¶ 44} "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIM. RULE 29."
 {¶ 45} Appellant argues that the trial court erred in overruling his motion for acquittal as to the charges involving T.D. and B.D. He asserts that the trial court should have granted his motion for acquittal as to all three of the alleged victims, not just as to A.D. We disagree with this argument.
 {¶ 46} "When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, this court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. [Citation omitted.] The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * * Jenks * * *,61 Ohio St.3d 259, * * * paragraph two of the syllabus." State v. Harrington,159 Ohio St.3d 451, 454, 2004-Ohio-7140.
 {¶ 47} Initially, appellant made a Crim.R. 29 motion for acquittal at the close of the state's evidence, "at least [as] to [A.D.]" The trial court overruled this motion as to all of the charges against appellant, including the one involving A.D.
 {¶ 48} At the close of evidence, and after closing arguments, the trial court found appellant not guilty with respect to the charge involving A.D. because the court found that the state had not proven beyond a reasonable doubt that appellant had engaged in any sexual contact with A.D. However, the trial court found that the state had proven the charges against appellant with respect to A.D. and B.D. For the reasons set forth in our response to appellant's first assignment of error, the state presented sufficient evidence to prove those charges involving T.D. and B.D. Consequently, the trial court did not err in overruling appellant's motion for acquittal with respect to those charges.
 {¶ 49} Appellant's third assignment of error is overruled.
 {¶ 50} Assignment of Error No. 4:
 {¶ 51} "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING ON THE DEFENDANT AN INDEFINITE SENTENCE TO THE OHIO DEPARTMENT OF YOUTH SERVICES."
 {¶ 52} Appellant argues that the trial court abused its discretion in committing him to the ODYS for a minimum period of six months and a maximum period not to extend beyond his 21st birthday because there is no evidence that he has had any previous dispositions and no evidence that he failed to cooperate with the juvenile court regarding the allegations made in this case. We find this argument unpersuasive.
 {¶ 53} R.C. 2152.16 states, in relevant part:
 {¶ 54} "(A)(1) If a child is adjudicated a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court may commit the child to the legal custody of the department of youth services for secure confinement as follows:
 {¶ 55} "* * *
 {¶ 56} "(e) For committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult * * * for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age."
 {¶ 57} The determination of what disposition to impose on a juvenile offender is a matter that rests within the discretion of the juvenile court. See, e.g., In re Caldwell,76 Ohio St.3d 156, 161 ("the juvenile court acted well within its discretion to order consecutive terms of commitment"), and In re C.M., Butler App. No. CA2003-03-063, 2004-Ohio-1927 ("trial court did not abuse it discretion in committing juvenile offender to the custody of the DYS for a minimum period of 36 months and a maximum period not to exceed his twenty-first birthday, suspended upon juvenile offender's completion of a rehabilitation program").
 {¶ 58} In this case, the trial court found appellant guilty of two counts of gross sexual imposition in violation of R.C.2907.05(A)(4), which is a felony of the third degree if committed by an adult. See R.C. 2907.05(B) ("A violation of division (A)(4) of this section is a felony of the third degree."). As a result, the trial court was permitted, pursuant to R.C. 2152.16(A)(1)(e), to commit appellant to the ODYS "for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age." In light of the seriousness of the offenses, and the fact that the trial court suspended appellant's commitment to ODYS conditioned upon his completion of counseling, and his agreeing to have no contact, direct or indirect, with the victims in this case, the trial court did not abuse its discretion in imposing the disposition on appellant that it did.
 {¶ 59} Appellant's fourth assignment of error is overruled.
 {¶ 60} The trial court's judgment is affirmed.
Powell, P.J., and Young, J., concur.
[1] The fact that appellant only touched T.D. over her clothing does not preclude a finding that sexual contact occurred, since the definition of "sexual contact" under R.C. 2907.01(B) has been interpreted to include "touching of erogenous zones covered by clothing." State v. Young (Aug. 15, 1997), Athens App. No. 96 CA 1780. See, also, State v. Ackley (C.P. 2002),120 Ohio Misc.2d 60, 66, (citing Young). Appellant has not argued otherwise.