{¶ 23} I concur in the opinion of the majority with regard to Defendant's second and third assignments of error, but respectfully dissent from the majority's resolution of the first assignment of error. Sexual imposition may only be a lesser included offense of rape if rape, as statutorily defined, cannot ever be committed without the commission of a sexual imposition. See State v. Deem (1988), 40 Ohio St.3d 205,209. Rape requires "sexual conduct" with another, which is defined by R.C. 2907.01(A) as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." In contrast, sexual imposition requires "sexual contact," or "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). By definition, the commission of a rape (e.g., by an act of fellatio) is possible without sexual contact by the perpetrator with an erogenous zone of the victim. See, e.g., State v. Ackley (Ohio Com.Pl. June 14, 2002), 120 Ohio Misc.2d 60, 2002-Ohio-6002, at ¶ 9-10, affirmed on other grounds, State v. Ackley, 11 Dist. No. 2002-L-161, *Page 12 2004-Ohio-3029 (noting that the erogenous zone referenced by R.C.2907.01(B) is that of the victim). {¶ 24} I respectfully dissent. *Page 1