[Cite as *State v. Ford*, 2021-Ohio-4608.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellant,            :

                         v.                       :

GEOFFREY M. FORD,                           :

    Defendant-Appellee.             :

No. 110463

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 30, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649827-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney,
and Tasha L. Forchione, Assistant Prosecuting Attorney, *for
appellant.*

Edward R. La Rue, *for appellee.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's judgment dismissing two counts of gross sexual imposition upon defendant-appellee Geoffrey M. Ford's motion to dismiss. Ford's motion to dismiss these two

counts of gross sexual imposition was predicated on his claim that the neck and the hip of the male victim are not erogenous zones listed in R.C. 2907.01(B), the statute that defines prohibited "sexual contact."  As we explain in the following, the state's indictment relating to these two counts sufficiently charged a criminal offense as defined by the statute.  We therefore reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

**Procedural Background**

{¶ 2}  Ford was charged with five counts of gross sexual imposition involving a minor under the age of 13 years.  Counts 1 and 2 of the indictment charged him with engaging in sexual contact involving the minor's neck and hip, respectively, sometime between June 1 and August 23, 2019.  Count 3 charged him with engaging in sexual contact involving the minor's thigh and side of penis between August 1 and August 23, 2019; Counts 4 and 5 charged him with engaging in sexual contact involving the minor's penis on separate occasions during that same period of time.

{¶ 3} Ford filed a motion to dismiss Counts 1 and 2 of the indictment pursuant to Crim.R. 12(C).[1]  He argued that "this particular victim's neck and hip are

---

[1] Crim.R. 12(C) states, in pertinent part:

> Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue.  The following must be raised before trial:

not the victim's erogenous zones as contemplated in R.C. 2907.01(B)." He asserted, in the alternative, that R.C. 2907.01(B) is unconstitutional because it fails to put a reasonable person on notice that the neck and hip are erogenous zones.

{¶ 4} The state opposed the motion to dismiss, arguing that Ford's argument concerned sufficiency of the evidence, which would only be appropriate in a motion for acquittal, not in a motion to dismiss the indictment.

{¶ 5} The trial court summarily granted Ford's motion to dismiss Counts 1 and 2 of the indictment. The judgment stated, in its entirety, "[d]efendant's motion to dismiss counts one and two of the indictment granted. Counts 1 and 2 are dismissed with prejudice."

{¶ 6} The state now appeals, raising the following assignment of error:

> The trial court erred in granting defendant's motion to dismiss based on the insufficiency of evidence as to an essential element of the offense, when such a factual determination is properly decided at trial.[2]

---

> * * *
> (2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)[.]

[2] Within this assignment of error, the state also argues that the trial court erred by failing to state on the record its findings of fact and the conclusions of law pursuant to Crim.R. 48. Crim.R. 48(B) states:

> (B) Dismissal by the court.
> If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.

**{¶ 7}** As an initial matter, the trial court's judgment dismissing Counts 1 and 2 of the indictment is a final appealable order. *State v. Hayes*, 25 Ohio St.3d 173, 174-175, 495 N.E.2d 578 (1986) (R.C. 2945.67(A) allows the state to directly appeal a trial court's judgment "whenever the trial court grants a motion to dismiss all, or any part of, an indictment.").

## Motion to Dismiss the Indictment

**{¶ 8}** We first note that the state's assignment of error mischaracterizes Ford's motion to dismiss as raising a sufficiency-of-the-evidence claim. Our review of the motion to dismiss reflects Ford was challenging the sufficiency of the indictment, not the sufficiency of the evidence — no evidence has been produced by the state at this procedural juncture. Thus, the question we answer in this appeal concerns whether Counts 1 and 2 of the indictment sufficiently charged an offense under Ohio law.

**{¶ 9}** "'A motion to dismiss tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced at trial.'" *Cleveland v. Olivares*, 197 Ohio App.3d 78, 2011-Ohio-5271, 966 N.E.2d 285, ¶ 8 (8th Dist.), quoting *State v. Caldwell*, 8th Dist. Cuyahoga No. 92219, 2009-Ohio-4881, ¶ 3. "'A pretrial motion must not involve a determination of the sufficiency of

---

Pursuant to Crim.R. 48(B), a trial court has the power to sua sponte dismiss a criminal case in the interest of justice. *State v. Hollins*, 8th Dist. Cuyahoga No. 103864, 2016-Ohio-5521, ¶ 16, citing *State v. Busch*, 76 Ohio St.3d 613, 615, 669 N.E.2d 1125 (1996). However, Crim.R. 48(B) does not apply here because the trial court in this case did not sua sponte dismiss Counts 1 and 2 of the indictment but rather granted Ford's Crim.R. 12(C) motion to dismiss these two counts.

the evidence to support the indictment. If the indictment is valid on its face, a motion to dismiss should not be granted."' *Id.*, quoting *Caldwell* at ¶ 3.

{¶ 10} A reviewing court examines the face of the charging instrument to determine its sufficiency. *State v. Baker*, 3d Dist. Seneca No. 13-20-12, 2021-Ohio-1004, ¶ 18. Moreover, "[i]n determining whether an indictment is valid on its face, the proper inquiry is whether the allegations contained in the indictment constitute an offense under Ohio law." *State v. Egler*, 3d Dist. Defiance No. 4-07-22, 2008-Ohio-4053, ¶ 14. "'If the allegations contained in the indictment constitute offenses under Ohio criminal law, it is premature to determine, in advance of trial, whether the state could satisfy its burden of proof with respect to those charges, and thus, a motion to dismiss must be denied.'" *State v. Troisi*, 8th Dist. Cuyahoga Nos. 109871, 109874, 109875, and 109876, 2021-Ohio-2678, ¶ 9, quoting *State v. Swanson*, 11th Dist. Ashtabula No. 2015-A-0006, 2015-Ohio-4027, ¶ 17.

{¶ 11} We review the trial court's decision to dismiss an indictment de novo, which requires us to undertake an independent review without any deference to the trial court's determination. *Id.*

**Gross Sexual Imposition**

{¶ 12} Ford was charged in Counts 1 and 2 of the indictment with gross sexual imposition involving sexual contact with a minor's neck and hip, respectively, in violation of R.C. 2907.05(A)(4). Count 1 of the indictment states that the defendant "did have sexual contact, to wit: neck, with [the victim] 12/11/2007, not his spouse, and the age of [the victim] 12/11/2007 at the time of said sexual contact

was under 13 years, to wit: DOB 12/11/2007." Count 2 is identical except for the specification of the hip.

{¶ 13} The indictment tracks the language employed in R.C. 2907.05(A)(4), which provides, in pertinent part: "No person shall have sexual contact with another, * * * when * * * [t]he other person * * * is less than thirteen years of age * * *."

{¶ 14} R.C. 2907.01(B), in turn, defines "sexual contact" as "any touching of an erogenous zone of another, including *without limitation* the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." (Emphasis added.)

{¶ 15} Ford claims Counts 1 and 2 of the indictment should be dismissed because "the human male's neck and hip are not erogenous zones" and therefore these two counts failed to charge a criminal offense. He argues the statute requires that the part of the body being touched has to be an erogenous zone and that the touching is for the purpose of sexually arousing or gratifying either person.

{¶ 16} While we appreciate Ford's argument that the statute only prohibits the touching of an erogenous zone — not just any part of the body — for the propose of sexually arousing or gratifying either person, we disagree with his contention that the statute does not contemplate the neck and hip of a male body as erogenous zones for such purposes.

{¶ 17} The Ohio Revised Code does not define the term "erogenous zone." However, by inserting the words "without limitation" in R.C. 2971.01(B), the legislature intended that the body parts not traditionally viewed as erogenous zones

may be considered erogenous zones in some instances. *State v. Miesse*, 2d Dist. Clark No. 99-CA-74, 2000 Ohio App. LEXIS 3719, 12-13 (Aug. 18, 2000). *See also State v. Greenwood*, 10th Dist. Franklin No. 19AP-683, 2021-Ohio-921, ¶ 22; *Core v. State*, 191 Ohio App.3d 651, 2010-Ohio-6292, 947 N.E.2d 250, ¶ 21 (10th Dist.).

{¶ 18} As this court explained, the parts of the body specifically enumerated are per se erogenous zones and the state is relieved of the burden to prove that these body parts are erogenous zones. *State v. Kleyman*, 8th Dist. Cuyahoga No. 90817, 2008-Ohio-6656, ¶ 26, citing *State v. Ackley*, 120 Ohio Misc.2d 60, 2002-Ohio-6002, 778 N.E.2d 676, ¶ 9 (C.P.). *See also State v. Harris*, 8th Dist. Cuyahoga No. 108377, 2020-Ohio-1497, ¶ 23.

{¶ 19} For the parts of the body not traditionally considered erogenous zones and not specifically listed in the statute, this court has adopted the definition of an erogenous zone as "'any part of the body of another, which the mind of the offender or victim or a reasonable person would perceive as sexually arousing or gratifying to either the offender or the victim.'" *Kleyman*, *supra*, at ¶ 27, quoting *Ackley*, *supra*, at ¶ 16. Moreover, "'[w]hether the touching or contact was performed for the purposes of sexual arousal or gratification is a question of fact to be inferred from the type, nature, and circumstances of the contact.'" *State v. Solomon*, 8th Dist. Cuyahoga No. 109535, 2021-Ohio-940, ¶ 48, quoting *In re A.L.*, 12th Dist. Butler No. CA2005-12-520, 2006-Ohio-4329, ¶ 20.

{¶ 20} Applying R.C. 2907.01(B), the courts have found the enumeration of erogenous zones in R.C. 2907.01(B) to be non-exhaustive and consistently rejected

a defendant's claim that a body part not listed in the statute cannot be an erogenous zone. *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 16. *See, e.g., State v. Ball*, 4th Dist. Hocking No. 07CA2, 2008-Ohio-337, ¶ 26 (while the mouth is not specifically listed in R.C. 2907.01, it may, under the facts of a particular case, be considered an erogenous zone); *Greenwood*, 10th Dist. Franklin No. 19AP-683, 2021-Ohio-921, at ¶ 22 (shoulder); *Miesse*, 2d Dist. Clark No. 99-CA-74, 2000 Ohio App. LEXIS 3719 (stomach); *State v. Watkins*, 10th Dist. Franklin No. 92AP-1546, 1993 Ohio App. LEXIS 2412 (May 4, 1993) (the rubbing of the back of the victim's leg was sexual contact); *Solomon, supra* (feet and toes); and *In re M. H.*, 9th Dist. Wayne No. 07CA0037, 2007-Ohio-7045, ¶ 8 (mouth). In *State v. Stair*, 12th Dist. Warren No. CA2001-03-017, 2002-Ohio-18, the court specifically rejected a defendant's claim that the hip could not be an erogenous zone because it is not one of the body parts specified in the statute.

{¶ 21} The state is not required to include the facts or circumstances surrounding the touching for the indictment of gross sexual imposition to be sufficient. *See State v. Smith*, 8th Dist. Cuyahoga No. 83007, 2004-Ohio-3619, ¶ 24, quoting *State v. Childs*, 88 Ohio St.3d 194, 199, 2000-Ohio-298, 724 N.E.2d 781 ("'Generally, the requirements of an indictment may be met by reciting the language of the criminal statute'"). In filing a motion to dismiss the two counts of gross sexual imposition involving the victim's neck and hip, Ford essentially asked the trial court to dismiss these charges without affording the state an opportunity to produce evidence regarding the manner and nature of the touching to prove that these body

parts can be perceived by the offender, the victim, or a reasonable person as sexually arousing or gratifying and they were touched for such sexual purposes. While the neck and hip of a male body may not be inherently sexual, the state should be allowed to produce evidence regarding the circumstances and context of the touching to prove these are erogenous zones touched for sexual arousal or gratification purposes. Ford's argument in support of a dismissal based on his claim that the hip and neck of a male body is not an erogenous zone as a matter of law is without merit.

**The Sexual Contact Statute is Not Unconstitutionally Vague**

{¶ 22} Based on the foregoing analysis, we also find no merit to Ford's claim that R.C. 2907.01(B)(1) is unconstitutionally vague for failing to provide fair warning or adequate notice of what conduct is prohibited under the statute.

{¶ 23} "A criminal statute is void for vagueness under the Due Process Clause of the Fourteenth Amendment if it fails to contain ascertainable standards of guilt." *State v. Glover*, 17 Ohio App.3d 256, 257, 479 N.E.2d 901 (8th Dist.1984), citing *State v. Young*, 62 Ohio St.2d 370, 406 N.E.2d 499 (1980). As this court further explained:

> "The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited."

*Id.* at 257-258, quoting *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.22 584 (1972).

{¶ 24} R.C. 2907.01(B) and 2907.05(A)(4) provide a defendant adequate notice and fair warning that the touching of an erogenous zone — which includes but is not limited to the five enumerated body parts — for the purpose of sexual arousal or gratification is a prohibited criminal conduct. "A criminal statute is not void for vagueness simply because it requires a person to conform to an imprecise but comprehensible normative standard. A statute is vague because it specifies no standard of conduct at all." *Glover*, *supra*, at 258. The statute at issue here is sufficiently specific to provide fair warning for what is a prohibited criminal conduct.

{¶ 25} For the foregoing reasons, the state's sole assignment of error is sustained. We emphasize, however, that the burden remains with the state to present sufficient evidence to prove beyond a reasonable doubt that the victim's neck and hip were erogenous zones and the touching of them was for purposes of sexual arousal or gratification on the particular occasions. As we have explained, the sufficiency of the evidence is an issue distinct from the sufficiency of the indictment. Because Counts 1 and 2 of the indictment sufficiently charged an offense prohibited by the statute, we reverse the trial court's judgment dismissing these counts.

{¶ 26} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR