OPINION
{¶ 1} Defendant-appellant, Maurice L. Jackson, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.
 {¶ 2} On May 13, 2005, a Franklin County grand jury indicted appellant with two counts of gross sexual imposition in violation of R.C. 2907.05
("GSI") and one count of corruption of a minor in violation of R.C.2907.04 (now known as unlawful sexual conduct *Page 2 
with a minor).[1] The indictment arose from conduct appellant allegedly engaged in with E.A. (victim 1) and L.W. (victim 2) between January 1, 1997 and December 31, 1999. The two counts of GSI involved contact with victim 1. The corruption of a minor count involved contact with victim 2. Appellant entered not guilty pleas to the charges and proceeded to a jury trial.
 {¶ 3} Appellant has been the pastor of a Columbus church since 1992. He married victim 2's sister in 1998. Victim 2 testified that she had a very good, brotherly relationship with appellant and that she was an active member of his church. However, victim 2 alleged that appellant entered her bedroom one day in 1998 or 1999 when she was 15. He closed the door, told her that he was "so high," and laid her down on her bed. He then pulled down her pants and performed cunnilingus on her. Appellant then walked out of the bedroom. After this event, victim 2 remained active in the church and continued to do things with appellant and her sister. Victim 2 did not tell anyone about what happened (other than her twin sister) until 2004, when she confronted appellant with her accusation. She then reported the abuse to the police.
 {¶ 4} Edmond A. has been a deacon at appellant's church since 1994 and considered appellant a friend. He was dating victim 1's mother, M.K., in 1997-1998. Victim 1 testified that in 1997 and 1998, she went to Edmond's house a number of times with her mother. M.K. also testified that victim 1 would sometimes sleep at Edmond's house even when her mother was not there.[2] Victim 1 testified that she had a bedroom in Edmond's house, on the fourth floor, where she would sleep on occasion. Appellant and *Page 3 
a variety of other people would go to Edmond's house after church on Sundays and on other days during the week. They would spend most of their time at the house playing video games or cards in the basement.
 {¶ 5} Victim 1 testified that on several occasions appellant touched her in a sexual manner when she was at Edmond's house. She testified that appellant touched her vagina and her buttocks with his hands. She alleged that he touched her both over and under her clothes. She remembered two specific occasions when appellant touched her in this manner. One time, he touched her in a sexual manner when she was in her bedroom. Appellant stopped this conduct when her mother came up the stairs and he pretended that he was using the near-by bathroom. She also remembered another time when appellant touched her in a sexual manner in a hallway in Edmond's house. Victim 1 also identified one other touching incident that took place in the church.
 {¶ 6} Edmond testified on behalf of appellant. He stated he could not recall when appellant would have been alone with victim 1 in Edmond's house.
 {¶ 7} Appellant denied that he touched either of the girls in a sexual manner. He attempted to demonstrate that the girls made these false accusations out of anger and a desire for revenge. He also accused M.K. of helping victim 1 fabricate the allegations after Edmond ended a romantic relationship with M.K. According to appellant, M.K. felt that Edmond picked appellant and the church over her. Appellant alleged that M.K. induced victim 1 to make false accusations against appellant to get back at Edmond. Appellant also alleged that victim 2 made up her allegations in retaliation for appellant removing her from the church choir. Appellant also implied that victim 2 was angry at him because he accused her father of stealing from the church. *Page 4 
 {¶ 8} The jury rejected appellant's defense and found him guilty of all three counts. After designating appellant a sexually oriented offender, the trial court sentenced him accordingly. Appellant appeals and assigns the following errors:
 {¶ 9}
 Assignment of Error Number One:
 Appellant's conviction for Gross Sexual Imposition and Corruption of a Minor is against the manifest weight of the evidence.
 Assignment of Error Number Two:
 Defendant-Appellant was denied the right to effective assistance of counsel and a right to a fair trial.
 Assignment of Error Number Three:
 The trial court erred in instructing the jury that "[t]he testimony of one witness believed by you is sufficient to prove any fact."
 {¶ 10} Appellant contends in his first assignment of error that his convictions are against the manifest weight of the evidence. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16. When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."' Thompkins, supra, at 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the *Page 5 
manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction."' Id.
 {¶ 11} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973;State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 12} In order to convict appellant of GSI, the state had to prove beyond a reasonable doubt that he had sexual contact with victim 1 when she was less than 13 years of age. R.C. 2907.05(A)(4). Sexual contact is defined as any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person. R.C. 2907.01(B). The trier of fact may infer a purpose of sexual arousal or gratification from the type, nature and circumstances of the contact, along with the personality of the defendant. State v. West, Franklin App. No. 06AP-11, *Page 6 2006-Ohio-6259, at ¶ 17; In re A.L., Butler App. No. CA2005-12-520,2006-Ohio-4329, at ¶ 20. Appellant does not dispute that victim 1 was less than 13 years of age at the time of the alleged offenses.
 {¶ 13} In order to convict appellant of corruption of a minor, the state had to prove beyond a reasonable doubt that appellant, being at least 18 years of age, engaged in sexual conduct with victim 2, knowing that she was between the ages of 13 and 16 or being reckless in that regard. R.C. 2907.04(A). Sexual conduct is defined as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A). Appellant does not dispute that victim 2 was between the ages of 13 and 16 at the time of the alleged offense.
 {¶ 14} Appellant argues that his convictions are against the manifest weight of the evidence because: (1) he did not have the opportunity to commit the crimes because he did not have unsupervised contact with victim 1; (2) he had limited contact with victim 1 outside of church; (3) there was no physical evidence or witness testimony to corroborate the allegations made by both girls; (4) he continued to maintain a normal relationship with victim 2 even after the alleged act; (5) victim 2 had a motive to falsely accuse him of these acts; and (6) he denied the acts occurred. We disagree.
 {¶ 15} This case largely turned on the credibility of the witnesses. The jury heard all of the evidence and chose to believe the victims' testimony over appellant's denials. This was within the province of the jury. State v. Lee, Franklin App. No. 06AP-226, 2006-Ohio-5951, *Page 7 
at ¶ 14. The determination of weight and credibility of the evidence is for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. The jury was free to believe or disbelieve appellant's testimony. State v.Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973. We cannot say that the jury clearly lost its way and created a manifest miscarriage of justice.
 {¶ 16} The victims both testified that appellant touched them in a sexual manner. Victim 1 described two occasions in Edmond's house when appellant touched her vagina and buttocks with his hands, both over and under her clothes. Victim 2 testified that appellant performed cunnilingus on her in her bedroom. Although appellant emphasizes the lack of corroborating evidence, corroborating evidence is not required for a conviction. Nor is it unrealistic that the girls, given their ages, did not tell anyone about these acts for a considerable period of time, especially given appellant's position as pastor of their church. The fact that each of these girls went to the police within days of each other, accusing appellant of acts that occurred a number of years prior, does not demonstrate that their testimony lacked credibility. None of appellant's arguments render the girls' testimony inherently unreliable and not worthy of belief. See State v. Timmons, Franklin App. No. 04AP-840, 2005-Ohio-3991, at ¶ 12. Furthermore, appellant's contention that victim 2 made up these allegations because he removed her from the church choir was for the jury to assess, and by itself, was not very persuasive.
 {¶ 17} To the extent appellant claims that he could not have touched victim 1 because he had limited contact with her outside of the church, and no unsupervised contact, we note that appellant appears to have spent a lot of time at Edmond's house. M.K. testified that she brought victim 1 over to Edmond's house on many occasions. *Page 8 
Edmond also testified that victim 1 spent nights at his house, sometimes without her mother. Although Edmond testified that he could not recall times when appellant was alone with victim 1, the jury could have reasonably concluded that there were times when appellant was alone with victim 1, especially given the short duration of the events alleged by victim 1.
 {¶ 18} Appellant's convictions are not against the manifest weight of the evidence. Accordingly, his first assignment of error is overruled.
 {¶ 19} In his second assignment of error, appellant contends that he received ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052; accord State v. Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690. In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing Michel v. Louisiana
(1955), 350 U.S. 91, 76 S.Ct. 158. *Page 9 
 {¶ 20} If appellant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 21} Appellant contends that trial counsel was ineffective for failing to present evidence in support of statements trial counsel made in opening arguments. Specifically, trial counsel stated in its opening argument that this case would be "about revenge and lies." Trial counsel also stated that there would be evidence demonstrating that the alleged victims had reasons to make false accusations against appellant. Appellant now contends that his trial counsel failed to present evidence to support these statements. We disagree.
 {¶ 22} In an effort to prove this theory of the case, appellant's counsel questioned M.K. about her anger with Edmond after he broke up with her. M.K. admitted that she felt Edmond chose the church and appellant over her when Edmond ended their relationship. Counsel suggested that M.K. got victim 1 to make up these allegations against appellant to get back at Edmond. Counsel also attempted to show that victim 2 falsely accused appellant because she was upset that appellant removed her from the church choir and because appellant had accused her father of stealing money from the church. Therefore, *Page 10 
appellant's counsel attempted to show that the girls' accusations were false and motivated by revenge.
 {¶ 23} Appellant also contends that trial counsel was ineffective for arguing during closing argument that Pauline, Edmond's sister-in-law, coordinated the girls' accusations. He claims there was no evidence suggesting that Pauline had such a motive. Although we agree that there was no evidence of Pauline's motive, counsel did present evidence indicating that Pauline was involved with both of the girls, implying that she could have orchestrated the girls' accusations. Victim 1's mother was friendly with Pauline in 2004, when Pauline took victim 1 to speak to the police about her accusations. Additionally, victim 2 and Pauline were friends and Pauline discussed these matters with her. Thus, although the evidence was weak, we will not second-guess counsel's strategic decision to argue that Pauline may have had some involvement with when and how the girls came forward with these accusations. SeeState v. Carter (1995), 72 Ohio St.3d 545, 558 ("Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel."); State v. Baker, 159 Ohio App.3d 462, 2005-Ohio-45, at ¶ 12
(noting that a reviewing court may not second-guess decisions of counsel that can be considered matters of trial strategy).
 {¶ 24} To the extent appellant also contends that trial counsel was ineffective for failing to focus on appellant's lack of opportunity to commit these offenses instead of other theories, we also disagree. Counsel presented testimony from Edmond and appellant in an attempt to demonstrate that appellant lacked the opportunity to commit the crimes. Additionally, debatable strategic and tactical decisions may not form the basis of a claim *Page 11 
for ineffective assistance of counsel, even if a better strategy had been available. See State v. Phillips (1995), 74 Ohio St.3d 72, 85;State v. Hand, 107 Ohio St.3d 378, 2006-Ohio-18, at ¶ 233.
 {¶ 25} Appellant was not denied effective assistance of counsel. We overrule his second assignment of error.
 {¶ 26} Appellant contends in his third assignment of error that the trial court erred when it instructed the jury that "[t]he testimony of one witness believed by you is sufficient to prove any fact." He claims that the instruction is confusing, misleading, and a misstatement of law. We disagree.
 {¶ 27} A criminal defendant is entitled to have the trial court give complete and accurate jury instructions on all of the issues raised by the evidence. State v. Williford (1990), 49 Ohio St.3d 247, 251. A trial court is vested with discretion, however, when charging the jury so long as the instructions accurately reflect the law. State v. Scudder (Oct. 20, 1992), Franklin App. No. 91AP-506.
 {¶ 28} Appellant directs our attention to one passage out of the trial court's complete jury instructions. When an appellant points to a single passage as erroneous, this court must consider the entire charge upon the particular subject to determine whether prejudicial error occurred. Id.; State v. Cunningham, 105 Ohio St.3d 197, 2004-Ohio-7007, at ¶ 57.
 {¶ 29} The trial court's complete instruction on this subject provided that:
 You are not required to believe the testimony of any witness simply because he or she was under oath. You may believe or disbelieve all or any part of the testimony of any witness. It is your province to determine what testimony is worthy of belief and what testimony is not worthy of belief. *Page 12 
 The testimony of the defendant is to be weighed by the same rules that apply to other witnesses. The testimony of one witness believed by you is sufficient to prove any fact. Discrepancies in a witness' testimony or between his or her testimony and that of others does not necessarily mean that you should disbelieve that witness as people commonly forget things or recollect them erroneously after the passage of time.
 You are all aware of the fact that two people who are witnesses to an incident may often see or hear that incident somewhat differently. In considering the discrepancy you should consider whether such discrepancy concerns an important fact or a trivial fact.
 {¶ 30} This court has previously approved very similar jury instructions to instruct a jury on the credibility of witnesses. SeeScudder; State v. Holloway (Sept. 28, 2000), Franklin App. No. 99AP-1455; State v. Martin (Dec. 24, 1996), Franklin App. No. 96APA04-450. The instruction is a correct statement of law and is neither confusing nor misleading. The trial court did not abuse its discretion by giving this instruction to the jury. Appellant's third assignment of error is overruled.
 {¶ 31} Appellant's three assignments of error are overruled. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
McGRATH, P.J., and SADLER, J., concur.
[1] One other count in the indictment was dismissed before trial.
[2] M.K. and Edmond also attended appellant's church. *Page 1