[Cite as *State v. Vinson*, 2014-Ohio-3249.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-825 |
| | | (C.P.C. No. 13CR-2512) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Dalray Vinson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 24, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Megan Jewett*, for appellee.

*Brian J. Rigg*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Dalray Vinson, appeals from a judgment of the Franklin County Court of Common Pleas, convicting him of one count each of attempted murder and felonious assault, each with a specification. Because sufficient evidence and the manifest weight of the evidence support appellant's convictions, we affirm.

I. Facts and Procedural History

{¶ 2} On May 9, 2013, the Franklin County Grand Jury indicted appellant on the following charges: (1) aggravated robbery, a first degree felony, in violation of R.C. 2911.01, (2) attempted murder, a first degree felony, in violation of R.C. 2903.02, (3) felonious assault, a second degree felony, in violation of R.C. 2903.11, and (4) having a weapon under disability, a third degree felony, in violation of R.C. 2923.13. Count 4,

weapon under disability, was tried before the court while the first three charges were tried to a jury.

{¶ 3} According to the evidence at trial, in the early morning hours of March 8, 2013, Columbus Police Officers Finch and Drake were dispatched to 1031 Geers Avenue. Upon arriving, the officers observed Stephen Foster lying in the street. Foster had been shot multiple times. While the officers were waiting for medics to arrive, Foster stated someone named "Dalray" had shot him. (Tr. Vol. II, 47.)

{¶ 4} The medics determined Foster was in critical condition and transported him to the hospital while officers secured the crime scene located outside of 1071 Seymour Avenue, one street over from where the officers originally found Foster. Later that morning, detectives photographed the scene and collected physical evidence including spent shell casings fired from a 40-caliber semi-automatic firearm. The officers also documented other physical evidence at the crime scene including bullet strikes on the ground and a blood trail leading from 1071 Seymour Avenue to the area of 1072 Geers Avenue.

{¶ 5} Michael Mooney, an evidence technician at the Columbus Police Crime Lab, testified at trial that he performed a fingerprint analysis on the spent shell casings, but was unable to detect latent fingerprint details. Mooney testified the results were not surprising, as fingerprint details burn up when a gun is fired.

{¶ 6} Foster testified at trial that earlier on the night of the shooting, he went to Club Vission on Refugee Road. While at the club, Foster saw appellant wearing eyeglasses called Gazelles and a black bubble coat. Foster had known appellant for approximately two months but never had a problem or conflict with him. Appellant and Foster went to the same after-hours club when they left Club Vission.

{¶ 7} Foster testified that after he left the after-hours club, he drove alone to 1071 Seymour Avenue, arriving at approximately 3:30 a.m. Foster also testified that he parked under a street light and when he exited his car he clearly saw appellant, who was wearing the same glasses and coat Foster had seen appellant wearing earlier that night. According to Foster's testimony, appellant told Foster to "empty your pockets." (Tr. Vol. III, 177.) Foster then turned and began running away from appellant. While fleeing, Foster heard gunshots and felt bullets hit him. Foster did not see a gun or appellant firing a gun and no

one else witnessed the shooting. Foster continued running away from appellant, jumping multiple fences until he could no longer run. Foster testified he crawled to the front door of 1072 Geers Avenue and banged on the door, but no one answered. He then collapsed between parked cars in the street.

{¶ 8} At trial, the jury found appellant guilty of attempted murder and felonious assault. In addition, the jury found appellant did display, brandish or indicate he possessed a firearm to facilitate the commission of both offenses. The jury found appellant not guilty of aggravated robbery. Further, after a bench trial, the court found appellant guilty of possessing a weapon under disability. Appellant timely appealed his convictions to this court on August 27, 2013.

## II. Assignment of Error

{¶ 9} Appellant assigns the following assignment of error for our review:

[1.] The verdict is against the sufficiency and manifest weight of the evidence.

## III. Standard of Review

{¶ 10} "Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict." *State v. Cassell,* 10th Dist. No. 08AP-1093, 2010-Ohio-1881, ¶ 36, citing *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997). In reviewing a challenge to the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, superseded by constitutional amendment on other grounds as recognized in *State v. Smith,* 80 Ohio St.3d 89, 102 (1997).

{¶ 11} "While sufficiency of the evidence is a test of adequacy regarding whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief." *Cassell* at ¶ 38, citing *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 25, citing *Thompkins* at 386-87. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting

testimony." *Thompkins* at 387, citing *Tibbs v. Florida,* 457 U.S. 31, 42 (1982). " 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.,* quoting *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). This discretionary authority " 'should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *Id.,* quoting *Martin* at 175.

## IV. Discussion

{¶ 12} In his sole assignment of error, appellant asserts that neither sufficient evidence nor the manifest weight of the evidence supports his convictions. However, appellant does not argue the state failed to present evidence establishing all the elements of the offenses for which he was convicted. Instead, appellant argues there was a lack of physical evidence and corroborating testimony presented at trial by the state and that the victim's testimony is not credible. We disagree.

{¶ 13} As to physical evidence, appellant claims the investigating officers failed to collect any usable shoe impressions or fiber samples for comparison to appellant's, and did not perform gunshot residue tests. Further, appellant argues the lack of fingerprint evidence on the spent shell casings at the crime scene demonstrates a failure by the state to prove its case. We do not find this argument well-taken.

{¶ 14} A lack of physical evidence, standing alone, does not render appellant's conviction against the manifest weight of the evidence. *State v. Conner*, 10th Dist. No. 12AP-698, 2013-Ohio-2773, ¶ 12, citing *State v. Shedwick*, 10th Dist. No. 11AP-709, 2012-Ohio-2270, ¶ 32, citing *State v. Berry*, 10th Dist. No. 10AP-1187, 2011-Ohio-6452, ¶ 20, citing *State v. Nix*, 1st Dist. No. C-030696, 2004-Ohio-5502, ¶ 65-71; *see also State v. Jackson*, 7th Dist. No. 09 JE 13, 2009-Ohio-6407 (holding that a conviction based on victim's testimony identifying defendant was not against the manifest weight of the evidence despite the lack of physical evidence. "If [the victim's] testimony is believed then the lack of fingerprints, DNA, footprints or any other physical evidence does not render the conviction against the manifest weight of the evidence."). *Jackson* at ¶ 16.

{¶ 15} While there was no physical evidence connecting appellant to the scene, testimony at trial established why such evidence was unavailable.  The detective explained that footprints could not be collected because of the wet conditions at the scene and gun residue tests could not be conducted because the tests require a suspect to be present. According to the evidence technician, latent fingerprints are not typically recoverable from spent shell casings.

{¶ 16} Even though the state was unable to collect certain physical evidence from the scene, the evidence the state collected corroborated Foster's testimony.  The state recovered a number of spent shell casings from the scene and located bullet "trailing marks" which demonstrate appellant used a firearm during the commission of the crime. (Tr. Vol. II, 91.)  Further, the detective corroborated, through a series of blood spots at the scene, Foster's testimony regarding the path he ran while fleeing the gunshots.  Therefore, even though physical evidence is not required for a defendant to be convicted, the state produced physical evidence supporting Foster's testimony.

{¶ 17} With respect to appellant's credibility argument, the jury reasonably found Foster's testimony credible.  Where convictions are based largely on the testimony of one individual, the jury is in the best position to weigh the credibility of the witness and is entitled to believe or disbelieve the testimony.  *State v. Thompson*, 10th Dist. No. 07AP-491, 2008-Ohio-2017, ¶ 35.  " 'When an appellant attacks the credibility of a witness on manifest weight grounds, it is inappropriate for a reviewing court to interfere with factual findings of the trier of fact which accepted the testimony of such witness unless the reviewing court finds that a reasonable juror could not find the testimony of the witness to be credible.' "  *State v. Brown*, 10th Dist. No. 02AP-11, 2002-Ohio-5345, ¶ 10, quoting *State v. Long*, 10th Dist. No. 96APA04-511 (Feb. 6, 1997).  The victim's testimony alone is satisfactory evidence on which to base a conviction.  *State v. Jackson*, 10th Dist. No. 06AP-1267, 2008-Ohio-1277, ¶ 29-30.

{¶ 18} Although no fingerprints or footprints were recovered from the crime scene directly linking appellant to the crime, Foster's testimony identifying appellant as the person who shot him is sufficient grounds for a conviction.  As discussed above, Foster had seen appellant twice before on the same night wearing a distinctive coat and eyeglasses.  Upon arriving at 1071 Seymour Avenue, Foster testified that he parked under

a street light and clearly saw appellant. Foster further testified that as soon as he turned and began running he heard gunshots and felt bullets hitting him. Further corroborating Foster's testimony, Officer Finch of the Columbus Police Department testified that when he arrived at the scene of the shooting, Foster said that "Dalray" shot him.

{¶ 19} Foster also testified that after the shooting, in April 2013, appellant approached Foster to explain why he had shot Foster and that he was "trying to make it right." (Tr. Vol. III, 200.) Foster went on to testify that appellant believed Foster had called him a "snitch" and then admitted to shooting Foster. (Tr. Vol. III, 200.) The weight of the evidence demonstrates the jury did not clearly lose its way in finding appellant guilty of the charges against him.

{¶ 20} After reviewing the entire record, we find sufficient evidence to support appellant's convictions and the weight of evidence demonstrates the jury did not clearly lose its way in finding appellant guilty of the charges against him. Accordingly, we overrule appellant's sole assignment of error.

## V. Conclusion

{¶ 21} Upon a complete review of the record, we conclude appellant's convictions were supported by legally sufficient evidence and were not against the manifest weight of the evidence. Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____