[Cite as *State v. Williams*, 2018-Ohio-1526.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-522 |
| v. | : | (C.P.C. No. 16CR-5429) |
| Dezmond N. Williams, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 19, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Barnhart Law Office LLC*, and *Robert B. Barnhart*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Dezmond N. Williams, appeals an amended judgment entry of the Franklin County Court of Common Pleas filed on July 5, 2017 sentencing him to serve eight years in prison for two counts of drug possession with firearm specifications. Because both parties agree that the trial court erred in sentencing Williams to consecutively serve two one-year firearm specifications, we modify the judgment of the trial court to reflect concurrent sentences for those one-year specifications resulting in a total sentence of seven years. In all other respects, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 30, 2016, a Franklin County Grand Jury indicted Williams for one count of heroin possession and one count of oxycodone possession, each with a one-year firearm specification. (Sept. 30, 2016 Indictment.) Williams pled not guilty on October 5, 2016. (Oct. 5, 2016 Plea Form.)

{¶ 3}   The parties selected a jury on June 19, 2017 and began trial on June 20, 2017. (Tr. Vol. I, filed Oct. 20, 2017; Tr. Vol. II, filed Oct. 20, 2017.)   The jury was released to deliberate at approximately 10:24 a.m. on June 21, 2017.   (Tr. Vol. II at 349-50.)   On the afternoon of June 21, while the jury was deliberating, it submitted the following written question to the trial court, "[d]oes the jury have to agree on the specifications of the charge, i.e., gun charge?"   *Id.* at 352.   The trial court, with agreement of counsel for both parties, prepared and transmitted to the jury a written response, "[y]our verdict must be unanimous as to all charges and specifications."   *Id.*   One hour later, the jury announced it had reached a verdict finding Williams guilty on all charges and specifications.   *Id.* at 353-55.

{¶ 4}   Five days later the trial court held a sentencing hearing.   While sentencing Williams, the trial court remarked, "I also believe that I'm required by law to impose the gun specs consecutive to each other pursuant to that - - that part of statute for sentencing as to the firearm specifications."   *Id.* at 371.   Accordingly, it sentenced Williams to five years for possession of heroin, one year for possession of oxycodone, and one year on each firearm specification, each sentence to be served consecutively to the others for a total term of imprisonment of eight years.   *Id.* at 371-72.

{¶ 5}   Williams now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 6}   Williams presents two assignments of error for review:

> 1. THE TRIAL COURT PLAINLY ERRED WHEN IT CONCLUDED THAT IT MUST IMPOSE CONSECUTIVE SENTENCES FOR THE FIREARM SPECIFICATIONS.
>
> 2. THE TRIAL COURT PLAINLY ERRED WHEN IT INSTRUCTED THE JURY THAT IT MUST BE UNANIMOUS TO BOTH THE CHARGES AND THE SPECIFICATIONS.

## III.  DISCUSSION

### A. First Assignment of Error – Whether the Trial Court Erred in Consecutively Imposing the Sentences for the Firearm Specifications

{¶ 7}   R.C. 2929.14(B)(1)(a)(iii) required the trial court to impose a one-year prison sentence for Williams' conviction of having a firearm on or about his person or under his control according to R.C. 2941.141.   But R.C. 2929.14(B)(1)(b) prohibited the trial court from imposing more than one prison term under division (B)(1)(a) "for felonies committed as part of the same act or transaction."   Williams' charges and their specifications arose

from the same incident, act, or transaction. As both parties agree, Williams' circumstance did not authorize the trial court to sentence him to two consecutive one-year terms of imprisonment for the firearm specifications.

{¶ 8} Having found an error of law in Williams' sentencing, we are specifically empowered by both App.R. 12(A)(1)(a) and R.C. 2953.08(G)(2) to "modify" the sentence imposed by the trial court. For the sake of judicial economy, rather than require a new sentencing hearing, we exercise that power and hold that Williams' sentence is hereby modified to reflect that the one-year sentences for the firearm specifications are to be served concurrently with one another and thus that only a single one-year "prison term" has been "impose[d]" for both. R.C. 2929.14(B)(1)(b).

{¶ 9} Williams' first assignment of error is sustained.

**B. Second Assignment of Error – Whether the Trial Court Plainly Erred in Answering the Jury's Question with the Instruction, "Your verdict must be unanimous as to all charges and specifications."**

{¶ 10} This Court has previously held:

> A criminal defendant is entitled to have the trial court give complete and accurate jury instructions on all of the issues raised by the evidence. *State v. Williford* (1990), 49 Ohio St.3d 247, 251, 551 N.E.2d 1279. A trial court is vested with discretion, however, when charging the jury so long as the instructions accurately reflect the law. *State v. Scudder* (Oct. 20, 1992), Franklin App. No. 91AP-506, 1992 Ohio App. LEXIS 5454.

*State v. Jackson*, 10th Dist. No. 06AP-1267, 2008-Ohio-1277, ¶ 27. "Where, during the course of its deliberations, a jury requests further instruction, or clarification of instructions previously given, a trial court has discretion to determine its response to that request." *State v. Carter,* 72 Ohio St.3d 545 (1995), paragraph one of the syllabus. This discretion is not unlimited, and "[t]he trial court's response to a jury's question, when viewed in its entirety, must be a correct statement of law and be consistent with or supplement the instructions previously given to the jury." *State v. Jones*, 10th Dist. No. 15AP-670, 2017-Ohio-1168, ¶ 17, citing *State v. Preston-Glenn*, 10th Dist. No. 09AP-92, 2009-Ohio-6771, ¶ 28.

{¶ 11} In Williams' case, the jury asked, "[d]oes the jury have to agree on the specifications of the charge, i.e., gun charge?" (Tr. Vol. II at 352.) The trial court, with

agreement of counsel for both parties, prepared and transmitted to the jury the following written response: "Your verdict must be unanimous as to all charges and specifications." *Id.* The record does not contain any discussion between the trial court and counsel. We cannot and do not determine the defense "invited" any error in this supplemental instruction. But there is no record the defense objected to it. The only legal theory we can use to examine its propriety is according to plain error. Crim.R. 52(B); *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22. And for there to be plain error, this instruction would have to be an "obvious" defect or deviation from a legal rule and of such magnitude that there is a "reasonable probability" that it has resulted in prejudice to Williams. *Rogers* at ¶ 22.

{¶ 12} Williams argues that the supplemental instruction offered by the trial court "implied that unanimity was required as to all charges <u>and that they should be unanimous to one another</u>." (Emphasis added.) (Williams Brief at 7.) We do not perceive how the trial court's instruction would cause a jury to believe its verdict had to be the same on each charge and specification. Even if it could have elicited such a belief when viewed quite literally and out-of-context, we hold the remainder of the trial court's instructions were sufficiently clear to dispel any potential confusion. For instance, the trial court stated:

> If you find that the State has proved beyond a reasonable doubt that all the elements of the offense of possession of heroin as defined here, your verdict must be guilty as to this charge. If the State has failed to prove beyond a reasonable doubt any of the elements of the offense, your verdict must be not guilty as to this charge.
>
> If you find the Defendant guilty of Count One for possession of heroin, you must make two additional factual findings. The first factual question you must determine is whether the amount of heroin involved in the offense equals or exceeds 10 grams but is less than 50 grams.
>
> The second factual question you must determine is whether the Defendant is guilty of Specification No. 1 as set forth in Count One of the indictment. You must decide whether the State has proved beyond a reasonable doubt that the Defendant had a firearm on or about his person or under his control while committing the offense of possession of heroin.
>
> * * *

If you find the State has proved beyond a reasonable doubt that all the elements of the offense of aggravated possession of drugs as defined here, your verdict must be guilty as to this charge. If you find the State has failed to prove beyond a reasonable doubt any element of the offense, your verdict must be not guilty as to this charge.

If you find the Defendant guilty of Count Two, aggravated possession of drugs, you must make one additional factual finding. The additional factual question you must determine is whether the Defendant is guilty of Specification No. 1 as set forth in Count Two of the indictment. You must decide whether the State has proved beyond a reasonable doubt that the Defendant had a firearm on or about his person or under his control while committing the offense of aggravated possession of drugs.

(Tr. Vol. II at 339-41.) We find the trial court clearly explained the verdicts as to each charge and specification were separate questions for the jury to consider.

{¶ 13} Williams' second assignment of error is overruled.

## IV. CONCLUSION

{¶ 14} The trial court did not plainly err in instructing the members of the jury that their "verdict must be unanimous as to all charges and specifications." (Tr. Vol. II at 352.) However, as both prosecution and defense agree, the trial court did err when it sentenced Williams to consecutive terms of imprisonment for each of the two gun specifications when both specifications arose from a single act or transaction. The judgment of the trial court is therefore modified to reflect that only a single one-year prison term has been imposed for the gun specifications, for a total term of imprisonment of seven years and not eight years as a result of this appeal.

*Judgment affirmed in part*
*and modified in part.*

KLATT and HORTON, JJ., concur.

_____